Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>   Audible Capital Corp.<br><br>      Debtor in a Foreign Proceeding | Case No. 20-31521-pcm-15<br><br>Chapter 15 |
| In re:<br><br>   Avenir Trading Corp.<br><br>      Debtor in a Foreign Proceeding | Case No. 20-31523-pcm-15<br><br>Chapter 15 |
| In re:<br><br>   1892244 Alberta Ltd.<br><br>      Debtor in a Foreign Proceeding | Case No. 20-31524-pcm-15<br><br>Chapter 15 |

305035214 v3

| | |
|---|---|
| In re:<br><br>    Avenir Sports Entertainment Ltd.<br><br>        Debtor in a Foreign Proceeding | Case No. 20-31525-pcm-15<br><br>Chapter 15 |
| In re:<br><br>    Avenir Sports Entertainment Corp.<br><br>        Debtor in a Foreign Proceeding | Case No. 20-31526-pcm-15<br><br>Chapter 15 |
| In re:<br><br>Portland Winter Hawks, Inc.,<br><br>        Debtor in a Foreign Proceeding. | Case No. 20-31519-pcm-15<br><br>Chapter 15 |

## ORDER GRANTING RECEIVER'S EX PARTE MOTION FOR RELIEF PURSUANT TO SECTIONS 105(A) AND 1519 OF THE BANKRUPTCY CODE

THIS MATTER comes before the Court for consideration of the *Ex Parte Motion for Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* (the "Motion"), which KSV Kofman Inc. ("KSV") filed in the above-styled and numbered chapter 15 cases as the court-appointed receiver (the "Receiver") and authorized foreign representative of the above-captioned Debtors. Upon consideration of the (i) the Motion, (ii) the Declaration of Noah Goldstein, (iii) the exhibits to the Motion, (iv) the Receivership Order entered in the Canadian Proceeding (the "Receivership Order"), (v) all other documents filed in support thereof, and (vi) the exhibits introduced at such hearings, testimony of witnesses, and the arguments of counsel, this Court finds and concludes as follows:

1. Notice was proper in the circustances (or that to the extent that notice was insufficient, this Order should be issued without notice to avoid irreparable harm to the Debtors), and the Court further finds that the relief requested in the Motion should be granted on a provisional basis.

2. The "Debtors" are the following entities: (1) Audible Capital Corp., (2) Avenir Trading Corp., (3) 1892244 Alberta Ltd., (4) Avenir Sports Entertainment Ltd., (5) Avenir Sports Entertainment Corp., and (6) Portland Winterhawks, Inc. (collectively, "Debtors").

3. On April 28, 2020, Bridging Finance Inc. ("Bridging") filed an Application (the "Application") for appointment of the Receiver as receiver over the property, assets and undertakings of the Debtors pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "BIA") in the Superior Court of Justice (Commercial List) (the "Canadian Court") Court File No. CV-20-00640212-00CL, seeking the appointment of KSV as receiver over all of the property, assets and undertakings of the Debtors (the "Canadian Proceeding").

4. On May 7, 2020, the Canadian Court, Honorable Justice Hainey, entered the Receivership Order pursuant to which KSV was appointed as the Receiver and foreign representative for the Debtors.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b) and Sections 109 and 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1410(1) and (3).

- 2 -
305035214 v3
Case 20-31519-pcm15    Doc 14    Filed 05/07/20

7. The Receiver is a person within the meaning of Section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of the Debtors within the meaning of Section 101(24) of the Bankruptcy Code.

8. This case was properly commenced pursuant to Sections 1504 and 1515 of the Bankruptcy Code. The notice of the Motion was sufficient given the circumstances of these cases and the potential for irreparable harm to the Debtors.

9. There is a substantial likelihood that the Court, upon final consideration, will find that the Canadian Proceedings are foreign proceedings within the meaning of Section 101(23) of the Bankruptcy Code.

10. There is a substantial likelihood that the Court, upon final consideration, will find the Canadian Proceedings are entitled to recognition by this Court pursuant to Section 1517 of the Bankruptcy Code.

11. There is a substantial likelihood that the Court, upon final consideration, will find that the Canadian Proceedings will be entitled to recognition as foreign proceedings pursuant to Section 1517 of the Bankruptcy Code.

12. Relief is urgently needed to protect the assets of the Debtors or the interests of the creditors pursuant to Section 1519(a) of the Bankruptcy Code. Therefore, the Receiver is entitled to the Provisional Relief afforded under Section 1519 of the Bankruptcy Code.

13. The relief granted is necessary and appropriate, in the interest of the public and international comity, consistent with the United States public policy, and will not cause any hardship to any party in interest that is not outweighed by the benefits of granting the requested relief.

14. As described above, the Receiver has a substantial likelihood of prevailing on the merits. Even if the Canadian Proceedings are "foreign nonmain proceedings," there is a substantial likelihood that the Receiver will be able to demonstrate that it is entitled to relief under 11 U.S.C. § 1521(a).

15. There is a substantial threat of irreparable injury to the Debtors and their creditors if the injunction does not issue.

16. Any threatened injury to the Debtors outweighs any damage the injunction might cause to third parties. The injunctive relief will actually benefit the Debtors' creditors by maximizing the value of the Debtors' assets, ensuring an equitable and orderly distribution of assets, and facilitating the Canadian Proceedings.

17. The injunction will not disserve the public interest. The injunctive relief is in the public interest. It sets to facilitate a cross-border reorganization that will provide a benefit to the estates of the Debtors. The injunctive relief is supported by notions of comity and will allow the Receiver to craft a productive solution for the Debtors and their estates.

18. The Receiver, in its role as foreign representative of the Debtors, and the Debtors, are entitled to the full protections and rights available pursuant to Section 1519(a) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

19. All relief granted herein is on a provisional basis, subject to this Court's recognition of the above-captioned bankruptcy cases as a foreign proceeding.

20. The commencement or continuation of any action or proceeding concerning the Debtors, the assets, rights, obligations, or liabilities of the Debtors, and the Receiver in its capacity

- 4 -
305035214 v3

as foreign representative of the Debtors, is hereby stayed in a manner coextensive with 11 U.S.C. § 362.

21. Execution against the assets of the Debtors is hereby stayed.

22. The administration or realization of all or part of the assets of the Debtors within the territorial jurisdiction of the United States is hereby entrusted to the Receiver, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy.

23. The right of any person or entity, other than the Receiver, to transfer or otherwise dispose of any assets of the Debtors is hereby suspended unless authorized in writing by the Receiver or by Order of this Court or the Canadian Court, as applicable.

24. The right of any person or entity, other than the Receiver, to discontinue, fail to honor, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, license or permit in favor of or held by the Debtors is hereby suspended unless authorized in writing by the Receiver or by Order of this Court or the Canadian Court, as applicable.

25. The Receiver may undertake the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtors.

26. Notwithstanding Rule 7062 of the Bankruptcy Rules, made applicable to this case by Rule 1018 of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and, upon its entry, shall become final and appealable.

27. The Receiver is authorized and empowered, but not obligated, to (i) maintain the Debtors' existing bank accounts at depository institutions in the United States (the "Existing Bank Accounts") for the limited purposes of receiving outstanding deposits and transferring funds from

- 5 -
305035214 v3

Case 20-31519-pcm15    Doc 14    Filed 05/07/20

the Existing Bank Accounts to new accounts opened or to be opened by the Reciecer (the "Post Receivership Accounts"), (ii) establish the Post Receivership Accounts consistent with the terms of the Receivership Order, and (iii) make all payments and disbursements from the Post Receivership Accounts.

28.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through these chapter 15 foreign proceedings, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

29.     The Court finds that no bond or security is required because it is unnecessary in this case to protect creditors or third parties.

30.     This Order applies to all parties in interest in these chapter 15 cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

31.     Any party in interest may make a motion seeking relief from, or modification of, this Order and shall provide notice of such motion to the Receiver's U.S. counsel below:

> Brandy A. Sargent
> Brandy.Sargent@klgates.com
> John Rothermich
> John.rothermich@klgates.com
> Michael B. Lubic (*pro hac vice* pending)
> K&L GATES LLP
> One SW Columbia Street
> Suite 1900
> Portland, Oregon  97204
> Telephone: +1 503 228 3200
> Facsimile: +1 503 248 9085

32. To the extent of any conflict or inconsistency between this Order and the Receivership Order, the Receivership Order as amended, supplemented, or modified shall control.

# # #

I certify that I have complied with the requirements of LBR 9021-1(a)(1)(c).

Presented by:

K&L GATES LLP

By:  /s/ Brandy A. Sargent
Brandy A. Sargent, Bar No. 045713
Brandy.Sargent@klgates.com
Michael B. Lubic
michael.lubic@klgates.com
Robert B. McLellarn
Robert.McLellarn@klgates.com

One SW Columbia Street
Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200
Facsimile: +1 503 248 9085

Attorneys for KSV Kofman Inc.
Foreign Representative